# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| MARCUS GARCIA,<br><br>      Plaintiff,<br><br>v.<br><br>COVINGTON CREDIT OF TEXAS, INC.,<br><br>      Defendant. | Civil Case No. 7:23-cv-32<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff MARCUS GARCIA ("Plaintiff"), by and through his attorneys, Jaffer & Associates Pllc, and brings this *Original Complaint* against Defendant COVINGTON CREDIT OF TEXAS, INC. ("Defendant" or "COVINGTON") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

2. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

3. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

4. Venue is further proper in this District because Plaintiff resides in this district.

## PARTIES AND SERVICE

5. Plaintiff is a resident of the Hidalgo County, Texas.

6. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and defined by Tex. Bus. & Com. Code § 1.201(b)(27).

### COVINGTON CREDIT OF TEXAS, INC. ("COVINGTON")

7. Defendant COVINGTON is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and defined by Tex. Bus. & Com. Code § 1.201(b)(27).

8. Defendant is a debt collector as defined under Tex. Fin. Code Ann. § 392.001(6) because Defendant has engaged in direct or indirect debt collection against the Plaintiff in Texas.

9. Defendant COVINGTON can be served with a copy of this Complaint along with Summons upon its registered agent, Corporation Service Company d/b/a CSC-LAWYERS INCO, at 211 E. 7th Street Suite 620 Austin, TX 78701.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

11. Plaintiff is the user of a cellular telephone number ending in -5424.

12. Plaintiff's cellular telephone number ending in -5424 ("Phone Number") is used for residential purposes.

13. Plaintiff's Phone Number has been on the National Do Not Call Registry since September 4, 2020.

14. Plaintiff did not consent to receive automated calls or text messages to his Phone Number.

15. Starting in early 2022, Plaintiff has received over 50 automated phone calls and voicemails from COVINGTON trying to collect an alleged debt for a person named Victor. See call log of

calls Defendant made attached as **Exhibit A**.

16. Upon answering phone calls from Defendant, Plaintiff experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

17. The nature and purpose of Defendant's calls was not for emergency purposes.

18. Plaintiff has informed Defendant more than once that they have the wrong number and has even block some of the numbers used to call him.

19. It is averred the Defendant does not maintain an internal do-not-call-list and/or does not have any policies and procedures in place to handle such requests as multiple calls have been made after COVINGTON was told that they had a wrong number and not to call Plaintiff's Phone Number again.

20. Plaintiff was damaged by the violations alleged herein. His privacy was improperly invaded, the COVINGTON messages temporarily seized and trespassed upon the use of his phone, and he were forced to divert attention away from other activities to address the text messages. The text messages were annoying and a nuisance and wasted the time of Plaintiff. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

21. Defendant COVINGTON has attempted to collect an unauthorized amount from Plaintiff and as such has violated the TDCA.

22. The alarming volume of calls by Defendant is evidence of intent to harass Plaintiff.

23. Plaintiff feels threatened from the volume and nature of the phone calls.

24. As a result of Defendant COVINGTON 's harassment and abusive conduct, Plaintiff has suffered injury to his credit worthiness, credit denial, increased interest rates for loans, mental anguish, frustration, and emotional distress.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**

25. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

26. The TCPA makes it "unlawful for any person within the United States" (1) to make a call "other than a call made for emergency purposes or made with the prior express consent of [the plaintiff]" (2) using "an artificial or prerecorded voice" (3) "to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). It also makes it "unlawful for any person within the United States" (1) to "initiate any telephone call to any residential telephone line" (2) "using an artificial or prerecorded voice" (3) "to deliver a message without the prior express consent of the called party" (4) "unless the call is initiated for emergency purposes ...." 47 U.S.C. § 227(b)(1)(B). The statute clearly prohibits a person from using "any automatic telephone dialing system [AIDS] *or* an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). Callier v. Nat'l United Grp., LLC, No. EP-21-CV-71-DB, 2021 U.S. Dist. LEXIS 223278, at *23 (W.D. Tex. Nov. 17, 2021)

27. Defendant sent, or had sent on its behalf, automated text messages and/or phone calls without ever obtaining Plaintiff's written consent to text message or call Plaintiff on his Phone Number.

28. Defendant's text messages and calls were not made or sent for emergency purposes.

29. Plaintiff's Phone Number was all on the National Do-Not-Call Registry at the time of the text messages and/or calls.

30. Additionally, Plaintiff has informed Defendant they had the wrong number and to not call again, revoking any prior consent Defendant incorrectly thought it had.

31. Plaintiff received two or more such text messages and calls from Defendant in a 12-month period.

32. Plaintiff is entitled to an award of $500 in statutory damages for each telephone call/text message pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)

34. Section 227(c)(5) of the TCPA allows a private right of action for "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of …. 47 U.S.C. § 227(c)(5). 47 C.F.R. § 64.1200(d) states that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d) (emphasis added). Cunningham v. Crosby Billing Servs., Corp., No. 4:18-CV-00043-ALM-CAN, 2018 U.S. Dist. LEXIS 206257, at *18 (E.D. Tex. Oct. 14, 2018)

35. Defendant has made more than one telephone calls in a 12-month period to the Plaintiff.

36. Plaintiff's Phone Number was a residential telephone line at all times relevant.

37. It is averred the Defendant does not maintain an internal do-not-call-list and/or does not have any policies and procedures in place to handle such requests.

38. Plaintiff is entitled to an award of $500 in statutory damages for each telephone call/text message pursuant to 47 U.S.C. § 227(c)(5).

39. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION
### Violations of the Texas Debt Collection Act
### Tex. Fin. Code Ann. §392 et seq.

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant's debt collection efforts against Plaintiff violated the TDCA, particularly, Section §392.302 prohibits debt collectors from:

- (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

42. For these reasons, Defendant violated the TDCA and is liable to the Plaintiff for actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees.

## JURY DEMAND

43. Plaintiff requests a trial by jury of all claims that can be so tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, prays for the following relief from Defendant :

1. Awarding Plaintiff statutory damages under the TCPA;
2. Awarding Plaintiff treble damages under the TCPA;
3. Awarding Plaintiff statutory damages not less than $100 under the TDCA;
4. Awarding Plaintiff actual damages under the TDCA;
5. Awarding Plaintiff injunctive relief under the TDCA;
6. Awarding Defendant costs and reasonable attorneys' fees as allowed under the TDCA; and
7. Awarding such other and further relief as this Court may deem just and proper.

DATED:   February 2, 2023                                        Respectfully Submitted,


/s/ *Allen Robertson*

SHAWN JAFFER
SB 24107817
S.D. TEX. BAR NO. 3269218
ALLEN ROBERTSON
SB 24076655
ROBERT LEACH
SB 24103582
S.D. TEX. BAR NO. 3675312
PHILLIP POOL
SB 24086466

JAFFER & ASSOCIATES, PLLC

5757 ALPHA RD SUITE 580
DALLAS, TX 75240
(T) 214.494.1871 (F) 888.509.3910
(E) ALLEN@JAFFER.LAW ATTORNEYS@JAFFER.LAW
ATTORNEYS FOR PLAINTIFF